UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMAINE MORGAN,<br><br>        Plaintiff,<br><br>    v.<br><br>SACRAMENTO COUNTY RIO COSUMNES CORRECTIONAL CENTER, et al.,<br><br>        Defendants. | No. 2:24-cv-00333-EFB (PC)<br><br><br>ORDER |

        Plaintiff is a former county jail inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF No. 2.

<u>Application to Proceed In Forma Pauperis</u>

        Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the court grants plaintiff leave to proceed in forma pauperis.

<u>Screening Standards</u>

        Where a litigant has been granted leave to proceed in forma pauperis, the court must dismiss the action at any time if it "determines that the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.S. § 1915(e)(2)(B).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## Screening Order

Plaintiff alleges that, on December 7, 2022, while confined at Rio Cosumnes Correctional Center ("the Jail"), he slipped and injured his knee and foot. ECF No. 1 at 15. Unidentified officers who were present ignored plaintiff's repeated requests for medical care even though plaintiff told them he was in severe pain. *Id*. Plaintiff's knee had suffered a previous injury due to the shower shoes Jail staff had provided to plaintiff when he first arrived. *Id*. "Plaintiff had repeatedly notified staff and even wrote grievances concerning the shower shoes and the danger and risks that they posed, but received either no answer and/or was told that the facility would

look into it." *Id.*

After the second injury, staff directed plaintiff to write a medical report instead of immediately calling for medical help. *Id.* at 13. Despite putting in a medical request on December 7th, plaintiff was not seen until December 12, 2022. *Id.* The treating doctor, Vanessa Tsuda-Nguyen (who is not a defendant here), ordered an x-ray, which was performed two days later. *Id.*

Plaintiff was seen by defendant orthopedic specialist Dr. Andrew Ho four months later, on April 28, 2023.[1] *Id.* Defendant Ho ordered an MRI, but plaintiff was told by an unidentified person that it could take up to a year to get the test. *Id.* at 13-14. Plaintiff received the MRI at an unspecified date after July 6, 2023.[2] *Id.* The test revealed a complex meniscus tear that required surgery, but plaintiff had still not received the surgery as of January 2024. *Id.*

Plaintiff names as defendants Dr. Ho, the Rio Cosumnes Correctional Center, and Does 1-10. However, as discussed below, plaintiff has not alleged facts showing that Dr. Ho cased the delay alleged in the complaint or otherwise acted with deliberate indifference to plaintiff's medical condition.

To succeed on an Eighth Amendment claim predicated on indifference to medical needs, a plaintiff must establish that: (1) he had a serious medical need and (2) the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

---

[1] The complaint states this date as occurring in 2022. ECF No. 1 at 13. The court assumes that the correct date occurred in 2023, as plaintiff states that the event happened four months after December, 2022.

[2] The complaint again places the July date in 2022, which the court presumes is a typographical error.

Plaintiff alleges only that Dr. Ho did not see him until four months after his injury and that Dr. Ho ordered an MRI that someone told plaintiff could take up to a year to obtain. Plaintiff does not allege facts showing that Dr. Ho caused or was otherwise responsible for any delay in plaintiff's appointment with him, or that Dr. Ho had any control or influence over when plaintiff would receive the MRI. As there are no facts showing that Dr. Ho's response to plaintiff's injury was deliberately indifferent, plaintiff's claim against him must be dismissed with leave to amend.

In addition, a municipal entity, like the jail, cannot be held liable under § 1983 solely because it employs an individual who violated the Constitution. *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404-05 (1997). If plaintiff wishes to impose liability on the jail (rather than, or in addition to, individual persons responsible for denying him a proper mattress), he must identify a county or jail policy or custom that caused a deprivation of his constitutional rights. *Id.*

Lastly, plaintiff has not identified the staff who provided him with inadequate shower shoes and/or refused to provide adequate shoes or the staff who refused to call medical after his second fall. The court cannot direct service of a complaint on an unknown party.

As plaintiff has failed to state a cognizable claim against the known defendants and the complaint cannot be served on the unknown defendants, the court will provide plaintiff with an opportunity to amend the complaint to attempt to salvage his claims against defendants Ho and the Jail and to discover the identities of the unknown defendants through subpoena or otherwise and to amend the complaint to state their identities. To proceed, plaintiff must either amend his claims against Ho and the Jail or he must amend his other claims by naming a defendant (or he may do both things in a single amended complaint).

Leave to Amend

If plaintiff chooses to file an amended complaint, he should note that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Further, any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's application for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. Plaintiff's claims against defendants Ho and the Rio Cosumnes Correctional Center are dismissed with leave to amend within 120 days of the date of this Order.
3. Plaintiff has 120 days from the filing date of this Order in which to discover, by subpoena or otherwise, the identity of at least one Doe defendant and to assert a claim against such defendant in the amended complaint.
4. The Clerk of Court is directed to issue one blank subpoenas and send it, along with copies of the U.S. Marshal's Process Receipt & Return form (USM-285), to plaintiff.
5. Plaintiff shall complete the subpoena and USM-285 form and promptly return it to the Clerk of Court.
6. Upon receipt of properly completed subpoenas and USM-285 form, the Clerk of Court shall deliver the subpoena, the USM-285 form, and a copy of this Order, to the U.S. Marshal for service.
7. Within 20 days of receiving the subpoena, USM-285 form, and a copy of this Order, the United States Marshal must personally serve the subpoena and a copy of this Order

     in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 566(c) and 1915(d).

8. Within 10 days after personal service is effected, the United States Marshal must file the proofs of service.

9. The court may dismiss this action for failure to prosecute without prejudice if plaintiff fails to file an amended complaint stating a cognizable claim against an identified defendant within 120 days, unless plaintiff seeks and is granted an extension of time. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: November 14, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE